**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MA-DO BARS, INC.,** doing business as
**THE HUNTER VILLAGE INN; DOU-MAS**
**REALTY, INC.;** and **THOMAS S. SEBALD,**

                         **Plaintiffs,**                    **1:09-cv-901**
                                                            **(GLS/DRH)**

             **v.**

**PENN-AMERICA INSURANCE COMPANY**
and **PENN-STAR INSURANCE COMPANY,**

                         **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
*Plaintiffs Ma-Do Bars, Inc. and*
*Dou-Mas Realty, Inc.*
Office of John P. Kingsley               JOHN P. KINGSLEY, ESQ.
329 Main Street
Catskill, NY 12414

*Plaintiff Thomas S. Sebald*
O'Connell, Aronowitz Law Firm            ANDREW R. SAFRANKO, ESQ.
54 State Street, 9th Floor
Albany, NY 12207-2501

**FOR THE DEFENDANTS:**
Miranda, Sambursky Law Firm              MICHAEL A. MIRANDA, ESQ.
240 Mineola Boulevard
Mineola, NY 11501

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Ma-Do Bars, Inc., Dou-Mas Realty, Inc., and Thomas Sebald brought this action against defendants Penn-America and Penn-Star Insurance Companies, alleging that Penn-America and Penn-Star are obligated to defend and indemnify Ma-Do, Dou-Mas, and Sebald in an underlying personal injury and wrongful death action brought by the Estate of Peter Shine.  (*See generally* Dkt. Nos. 1:2, 11:2.)  Pending are plaintiffs' motions for summary judgment, (Dkt. Nos. 11, 12), and defendants' cross-motion for summary judgment, (Dkt. No. 13).  All parties seek a declaratory judgment under FED. R. CIV. P. 57 regarding defendants' obligations to plaintiffs.  For the reasons that follow, the court denies plaintiffs' motions, grants defendants' motion, and declares that defendants are not obligated to defend Ma-Do, Dou-Mas, or Sebald in the underlying action.

### II. Background

Ma-Do Bars, Inc. and Dou-Mas Realty, Inc. are corporations organized and existing under New York State law with their principal place of business in New York.  (*See* Ma-Do Compl. ¶¶ 2-3, Dkt. No. 1:2.)  At all times relevant to this action, including February 5, 2006, Ma-Do operated

2

the Hunter Village Inn, a bar and restaurant located in Hunter, New York. (*See id.* at ¶¶ 13-14.)  Dou-Mas owned the premises upon which the Hunter Village Inn operated.  (*See id.*)  And Thomas Sebald worked for Ma-Do as a bouncer and runner.  (*See* Pls. SMF ¶¶ 5-6, Dkt. No. 12:2.)

Penn-America and Penn-Star Insurance Companies are Pennsylvania corporations with their principal place of business in Pennsylvania.  (*See id.* at ¶¶ 7-8.)  Penn-Star issued a commercial general liability insurance policy to Ma-Do and Dou-Mas covering the Hunter Village Inn's premises for the period of December 22, 2005, to December 22, 2006.  (*See* Defs. SMF ¶ 9, Dkt. No. 16:20.)

Under the insurance policy, coverage may be excluded on several bases.  First, coverage is excluded for damages that arise from an "assault," "battery," or "physical altercation" occurring on the premises of the Hunter Village Inn.  (Safranko Aff., Ex. M at 88, Dkt. No. 11:14.)  The specific language of this "assault or battery exclusion" is:

> [T]his insurance does not apply to liability for damages because of "bodily injury", "property damage" ... medical expenses arising out of an "assault", "battery", or "physical altercation" that occurs in, on, near or away from an insured's premises:
>
> 1)     Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's

3

employees, patrons or other persons in, on, near or away from an insured's premises, or

2)    Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition, or

3)    Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, failure to warn of the "assault", "battery" or "physical altercation", including but not limited to, negligent hiring, training and/or supervision.

4)    Whether or not caused by or arising out of negligent, reckless or wanton conduct by an insured, an insured's employees, patrons or other persons.

(*Id.*)  The policy defines "assault" as "any attempt or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of such injury"; "battery" as "the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected"; and "physical altercation" as "a dispute between individuals in which one or more persons sustain bodily injury arising out of the dispute."  (*Id.*)

Second, the policy contains a "liquor liability exclusion," according to which coverage is excluded for:

4

"Bodily injury" or "property damage" for which any insured may
be held liable by reason of:

(1)    Causing or contributing to the intoxication of any person;

(2)    The furnishing of alcoholic beverages to a person under
       the legal drinking age or under the influence of alcohol;
       or,

(3)    Any statute, ordinance or regulation relating to the sale,
       gift, distribution or use of alcoholic beverages.

(*Id.* at 89.)

On June 14, 2007, Terence M. Shine, as Executor of the Estate of

Peter G. Shine, and Patricia Spadaro, as Guardian for Nicole Danielle

Shine, brought an action in New York State Supreme Court, Suffolk

County, for injuries sustained as a result of Ma-Do, Dou-Mas, and Sebald's

alleged acts and omissions.  (*See generally* Shine Compl., Dkt. No. 1:3.)

The Shine complaint asserted seven causes of action based on injuries

allegedly sustained by Peter Shine while he was a patron of the Hunter

Village Inn on February 5, 2006.  Among Shine's allegations were that

Sebald assaulted, beat, and battered Shine; that Ma-Do negligently

retained and failed to adequately supervise and train Sebald; that Dou-Mas

negligently leased the premises to Ma-Do; that Ma-Do and Dou-Mas

negligently and maliciously failed to keep the premises in a reasonably safe

5

and secure condition; and that Ma-Do violated New York State Law by serving alcoholic beverages to Shine, who was visibly and apparently intoxicated.  (*See id.* at ¶¶ 27-110.)

After receiving timely notice of the February 5, 2006 incident and the consequent civil suit, and following an investigation, Penn-Star, by letters dated March 3, 2006, and August 9, 2007, issued disclaimers to Ma-Do, Dou-Mas, and Sebald.  (*See* Safranko Aff., Exs. N, O, P, Dkt. Nos. 11:15-17.)  Specifically, Penn-Star disclaimed coverage of the Shine incident based on the assault or battery and liquor liability exclusions.  (*See id.*)

On July 13, 2009, Ma-Do and Dou-Mas filed suit against Penn-Star and Penn-America in New York State Supreme Court, Greene County, seeking a declaratory judgment that Penn-Star and Penn-America are obligated to defend and indemnify them in the Shine action.  (*See* Dkt. No. 1:2.)  On September 24, 2009, Sebald similarly filed an action for declaratory relief against Penn-Star and Penn-America in New York State Supreme Court, Ulster County.  (*See* Dkt. No. 11:2.)  These declaratory judgment actions were individually removed to the United States District

Court for the Northern District of New York,[1] (*see* Dkt. No. 1; No. 1:09-cv-
1194, Dkt. No. 1), and thereafter consolidated into a single action by
Magistrate Judge David R. Homer on March 3, 2010, pursuant to FED. R.
CIV. P. 42(a), (*see* Dkt. No. 7).

## III.  Standard of Review

The standard for the grant of summary judgment is well established
and will not be repeated here.  For a full discussion of the standard, the
court refers the parties to its previous opinion in *Bain v. Town of Argyle*,
499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

## IV.  Discussion

### A.   Party Status of Penn-America

Preliminarily, Penn-America requests that it be terminated from this
action as a party because it did not issue the policy or disclaimers.  (*See*
Defs. Mem. of Law at 2, Dkt. No. 15; Defs. Resp. Mem. of Law at 1 n.1,
Dkt. No. 23.)  In response, Ma-Do, Dou-Mas, and Sebald fail to offer any

---

[1]The parties do not dispute that New York law controls here since (1) the policy issued
to Ma-Do and Dou-Mas is specific to New York, (*see* Safranko Aff., Ex. M at 75, Dkt. No.
11:14); (2) Ma-Do, Dou-Mas, and the covered premises are identified on the policy as being
located in New York, (*see id.* at 85, 92); and (3) the underlying incident occurred in New York.
Accordingly, the court will apply New York State substantive law and federal procedural law.
*See Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996); *see also Hanna v. Plumer*, 380
U.S. 460, 473-74 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *McCarthy v. Olin
Corp.*, 119 F.3d 148, 153 (2d Cir. 1997).

argument to the contrary.[2]  Moreover, Ma-Do, Dou-Mas, and Sebald readily

admit that "Penn-America Insurance Company did not issue a policy to Ma-

Do Bars and/or Sebald." (Sebald Resp. SMF ¶ 39, Dkt. No. 20 (responding

to Penn-America and Penn-Star's statement of material facts); Ma-Do &

Dou-Mas Resp. SMF ¶ 39, Dkt. No. 17 (same).)  Therefore, in light of Ma-

Do, Dou-Mas, and Sebald's implicit and explicit concessions, the court

dismisses Penn-America from this action.

**B.**  **Coverage and the Duty to Defend**

In New York, "[a]n insurer's obligation to furnish its insured with a

defense is heavy indeed, and, of course, broader than its duty to pay."  *Int'l*

*Paper Co. v. Cont'l Cas. Co.*, 35 N.Y.2d 322, 326 (N.Y. 1974).  Where the

pleadings allege a covered occurrence, the insurer has a duty to defend

"even though the facts outside the four corners of those pleadings indicate

that the claim may be meritless or not covered."  *Fitzpatrick v. Am. Honda*,

78 N.Y.2d 61, 63 (N.Y. 1991) (citation omitted).  In other words, "the

complaint controls the determination of [the insurer's] duty to defend," even

---

[2]Instead, Ma-Do, Dou-Mas, and Sebald appear to have simply removed from their
subsequent filings any reference to or arguments regarding Penn-America.  (*See generally*
Ma-Do & Dou-Mas Resp. Mem. of Law, Dkt. No. 17:1; Sebald Resp. Mem. of Law, Dkt. No. 19;
Sebald Reply Mem. of Law, Dkt. No. 26; *but see* Ma-Do & Dou-Mas Reply Mem. of Law, Dkt.
No. 24.)

if discovery reveals evidence showing that the underlying incident resulted

from actions not covered under the policy. *Bovis Lend Lease LMB, Inc. v.*

*Cont'l Cas. Ins. Co.*, No. 02 Civ. 7674, 2004 WL 691395, at *4 (S.D.N.Y.

March 31, 2004) (citing *Showler v. Am. Mfrs. Mut. Ins. Co.*, 261 A.D.2d

896, 898 (4th Dep't 1999)).  Ultimately, "[t]he merits of the complaint are

irrelevant and, an insured's right to be accorded legal representation is a

contractual right ... and this right exists even if debatable theories are

alleged in the pleading against the insured." *Town of Massena v.*

*Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 444 (N.Y. 2002)

(internal quotation marks and citation omitted).  Moreover, it is not "material

that the complaint against the insured asserts additional claims which fall

outside the policy's general coverage or within its exclusionary provisions."

*Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310 (N.Y. 1984).

"Rather, the duty of the insurer to defend the insured rests solely on

whether the complaint alleges any facts or grounds which bring the action

within the protection purchased." *Id.* (citation omitted); *see also Specialty*

*Nat'l Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp.2d 466, 470-71

(S.D.N.Y. 2009).  Accordingly, the burden is on the insurer to prove that the

incident and underlying claim fit completely within the policy's exclusions.

9

*See Int'l Paper Co.*, 35 N.Y.2d at 326; *see also City of Johnstown, N.Y. v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1153 (2d Cir. 1989).

The duty to defend exists as long as "the allegations of the complaint are even potentially within the language of the insurance policy." *Town of Massena*, 98 N.Y.2d at 459 (citations omitted).  "[T]he court must pierce through the pleadings and their adroit craftsmanship to get at the substance of the claim." *United Nat'l. Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 354 (2d Cir. 1993).  "On summary judgment, a declaration of no duty to defend can only be made if [the insurer] demonstrates that 'it could be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify.'" *Agway, Inc. v. Travelers Indem. Co.*, No. 93-CV-557, 1993 WL 771008, at *2 (N.D.N.Y. Dec. 6, 1993) (quoting *Spoor-Lasher Co., Inc. v. Aetna Cas. & Sur. Co.*, 39 N.Y.2d 875, 876 (N.Y. 1976)).  But "if there is a doubt as to whether the claim comes within the insurer's duty to indemnify, the insurer is generally required to furnish a defense, leaving the issue of indemnification to be settled after establishment of the insured's liability." *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995) (citing *Seaboard Sur. Co.*, 64 N.Y.2d at 304).

10

Where a claim alleged in the complaint arises out of an operative act that is excluded from coverage, then that derivative claim is also excluded. *See Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 88 N.Y.2d 347, 350-52 (N.Y. 1996).  In other words, where the derivative claim cannot be established without proving the operative act, the exclusion applies.  *Id.* at 352.  For instance, if "[t]he injury being sued upon ... is an assault and battery" committed by the insured's employee, and "[t]he plethora of claims surrounding that injury, including those for ... negligent hiring and supervision are all based on that assault and battery without which [the plaintiff] would have no cause of action," then those additional claims are subject to the same exclusion that the assault and battery claim is.  *U.S. Underwriters Ins. Co. v. Val-Blue Corp.*, 85 N.Y.2d 821, 823 (N.Y. 1995) (internal quotation marks omitted).  Likewise, if "the theory pleaded may be the insured's negligent failure to maintain safe premises, [but] the operative act giving rise to any recovery is [an] assault," then the exclusionary provisions that applies to the assault apply equally to the negligence claim. *Creative Hous.*, 88 N.Y.2d at 351-52 ("[I]nasmuch as the negligence claim could not be established without proving the underlying assault the exclusion applie[s].").  Thus, so long as no cause of action could exist "but

for" the operative act, then the duty to defend inquiry must be limited to whether the operative act is excluded under the policy.  *See id.*

## 1.    Assault or Battery Exclusion

Penn-Star contends that all of the claims sounding in negligence asserted by Shine against plaintiffs exclusively derive from the battery, assault, and other intentional contact that Sebald allegedly subjected Shine to, and that, as a result, those claims are excluded from coverage under the policy's assault or battery exclusion.  (*See* Defs. Mem. of Law at 5-9, Dkt. No. 15.)  Plaintiffs counter that the exclusion is not effective here because Shine's complaint encompasses a cause of action that is separate and distinct from the assault and battery alleged such that "a negligence claim could be proven against [them] without proving that Shine was assaulted."  (Ma-Do & Dou-Mas Reply Mem. of Law at 2, Dkt. No. 24 (emphasis omitted).)

Upon review of the underlying Shine complaint, and having considered the extrinsic evidence—to the extent appropriate—the court is unable to find a basis for liability that does not derive from, arise out of, or is independent of Sebald's alleged assault or battery, as defined by the policy.  Rather, each cause of action—with the exception of the last cause

12

of action for improper and unlawful service of alcoholic beverages, which the court will discuss separately—arises out of Sebald's intentional or reckless physical contact with or use of force against Shine without his consent.  (*See generally* Shine Compl., Dkt. No. 1:3.)  Specifically, giving the Shine complaint a broad reading and drawing all reasonable inferences in favor of coverage, the causes of action in the complaint include: (1) Sebald, during the course of his employment with Ma-Do, "physically detained, assaulted, beat[,] and battered" Shine and "caused [him] to sustain severe and serious personal injuries," (*id.* at ¶¶25-31); (2) Ma-Do caused and contributed to Shine's injuries by negligently retaining and failing to supervise Sebald, (*see id.* at ¶¶ 33-35); (3) Dou-Mas caused and contributed to Shine's injuries by negligently leasing the premises to Ma-Do, (*see id.*); (4) Ma-Do and Dou-Mas breached the duty of care owed to Shine by failing to train or have a policy in place to train Sebald in the use of appropriate force and security methods, by allowing Sebald to use excessive and deadly force against Shine, and by failing to keep the premises in a reasonably safe condition, (*see id.* at ¶¶ 39-54, 64-75); (5) derivative losses suffered by Shine's daughter, (*see id.* at ¶¶ 58-61); and (6) vicarious liability of Ma-Do for Sebald's actions, (*see id.* at ¶¶ 79-83).

These claims all derive either directly or indirectly from the alleged assault and battery of Shine by Sebald.

The operative act itself was an assault and battery. Either Sebald committed an assault and battery or he did not. The series of negligence claims asserted against Ma-Do and Dou-Mas are based on acts and omissions that facilitated or failed to prevent Sebald's actions. Ma-Do, Dou-Mas, and Sebald's reliance on these claims as separate, non-derivative claims is misplaced. (*See* Ma-Do & Dou-Mas Reply Mem. of Law at 2, Dkt. No. 24.) The complaint contains no independent basis for liability against Sebald sounding in negligence; nor can the court deduce such a claim from the factual allegations. This absence of an independent negligence claim based on Sebald's conduct cannot be remedied by Shine's rote insertion of the term "negligent" into the sequence of terms used to describe the battery claim, terms which include "intentional," "wrongful," "willful," "malicious," "cruel," "brutal," "inappropriate," "excessive," and "unreasonable." (*See* Shine Compl. ¶¶ 29, 72, Dkt. No. 1:3.) Therefore, since claims for assault and battery are mutually exclusive of claims for negligence, *see, e.g.*, *Mazzaferro v. Albany Motel Enters., Inc.*, 127 A.D.2d 374, 376 (3d Dep't 1987), and because the claims levied

14

against plaintiffs arise out of and would not exist but for the alleged assault and battery, the court concludes that Penn-Star is not obligated to defend Ma-Do, Dou-Mas, or Sebald on the first, second, third, fourth, fifth, and sixth causes of action alleged in the Shine complaint.

Plaintiffs' contention that Penn-Star is not entitled to declaratory judgment because several disputes of fact remain is legally and factually incorrect. (*See* Sebald Mem. of Law at 8-10, Dkt. No. 11:32; Ma-Do & Dou-Mas Mem. of Law at 17-19, Dkt. No. 12:1.) Even upon consideration of the underlying facts as they have been defined during the criminal trial of Sebald and through discovery in this matter, *see Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 70 (N.Y. 1991) ("[A]n insurer [must] provide a defense where, notwithstanding the complaint allegations, underlying facts ... create a reasonable possibility that the insured may be held liable for some act or omission covered by the policy." (internal quotation marks and citation omitted)), the court finds that Ma-Do, Dou-Mas, and Sebald have failed to demonstrate a factual basis for coverage that does not arise out of the alleged assault and battery committed by Sebald. First, the record fails to articulate any meaningful dispute as to whether Sebald intentionally grabbed Shine from behind and removed him from the Hunter Village Inn's

premises.  (*See, e.g.*, Safranko Aff., Ex. K, Sebald Dep. at 18-22, Dkt. No.

11:12; Miranda Decl., Exs. L-O, Witness Statements, Dkt. Nos. 16:12-15

(describing how Sebald's arm was around Shine's neck as he carried him

out of the bar).)  Whether Sebald did or did not intend to harm or injure

Shine presents a question that is quite distinct from that of whether the

conduct itself was undertaken intentionally.  Equally important, the record

fails to manifest a basis for recovery against Ma-Do, Dou-Mas, or Sebald

that would arise independent of Sebald's intentional unwanted contact with

Shine.  Consequently, the record, when considered in conjunction with the

underlying complaint, does not save the first six causes of action from the

policy's assault or battery exclusion.

## 2.    Liquor Liability Exclusion

The remaining cause of action in the Shine complaint is premised on

the improper and unlawful service of alcoholic beverages to an already

intoxicated Shine.  (*See* Shine Compl. ¶¶ 86-110, Dkt. No. 1:3.)  Plaintiffs

appear to concede that the liquor liability exclusion does apply to the

seventh cause of action.  (*See* Ma-Do & Dou-Mas Resp. Mem. of Law at 5.

Dkt. No. 17:1; Sebald Resp. Mem. of Law at 6-8, Dkt. No. 19; *but see* Ma-

Do & Dou-Mas Mem. of Law at 20-21, Dkt. No. 12:1.)  Regardless, the

court is certain that the liquor liability exclusion covers the seventh cause of action, which alleges that Ma-Do's provision of alcoholic beverages to Shine contributed to his intoxication, caused his injuries, and violated New York State law.  (*See* Shine Compl. ¶¶ 86-110, Dkt. No. 1:3.)  Furthermore, the evidence on record does not call the applicability of this exclusion into question.  Therefore, the court finds that Penn-Star properly disclaimed coverage for the seventh cause of action in the Shine matter.

## V.  Conclusion

Ultimately, because the two bases for liability alleged in the underlying Shine complaint—namely, liability arising out of the alleged assault and battery by Sebald and liability arising out of the unlawful and improper service of alcohol to Shine—are clearly excluded from coverage under the policy, the court concludes that plaintiffs are not entitled to a defense under the policy.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Thomas Sebald's motion for summary judgment (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Ma-Do Bars and Dou-Mas Realty's motion for summary judgment (Dkt. No. 12) is **DENIED**; and it is further

17

**ORDERED** that Penn-America and Penn-Star's cross-motion for summary judgment (Dkt. No. 13) is **GRANTED** and Penn-America and Penn-Star are not obligated to defend Ma-Do, Dou-Mas, and Sebald in the underlying action involving Peter Shine; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 9, 2010
Albany, New York

United States District Court Judge

18